1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL M.,

                 Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

Case No. C20-5853-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1967; graduated from high school and at the time of the hearing was enrolled in college; and his previous work includes as jobs as a landscaper, phone representative, and flooring salesperson. AR 42, 109-16. Plaintiff was last gainfully employed in 2014. AR 109.

In July 2017, Plaintiff applied for benefits, alleging disability as of October 15, 2010. AR 236-41. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

requested a hearing.  AR 171-74, 179-85.  After the ALJ conducted a hearing in July 2019, the

ALJ issued a decision finding Plaintiff not disabled.  AR 27-44.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since the application date.

**Step two**:  Plaintiff has the following severe impairments: polyarthropathy/chronic pain syndrome, somatic symptom disorder, and generalized anxiety disorder.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC")**:  Plaintiff can perform light work with additional limitations: he cannot climb ladders, ropes, or scaffolds.  He cannot be exposed to fumes, odors, or hazards.  He can perform simple, routine, repetitive tasks in a work environment free of fast-paced production requirements and involving only simple work-related decisions, with few, if any workplace changes.  The claimant can have occasional co-worker and public contact.  He requires a sit/stand option (defined as the ability to change position after 30-60 minutes, for 3-5 minutes, while remaining on task).

**Step four**:  Plaintiff cannot perform past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 27-44.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the

Commissioner's final decision.  AR 1-7.  Plaintiff appealed the final decision of the

Commissioner to this Court.  Dkt. 5.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

security benefits when the ALJ's findings are based on harmful legal error or not supported by

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in assessing certain medical opinions and in discounting his subjective testimony. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.     The ALJ Did Not Err in Discounting Plaintiff's Subjective Testimony

The ALJ discounted Plaintiff's subjective allegations because (1) the objective medical evidence is inconsistent with Plaintiff's allegations in several ways, (2) his symptoms have been treated conservatively, and (3) his activities are inconsistent with his alleged limitations. AR 34-

1   37. In the absence of evidence of malingering, an ALJ must provide clear and convincing

2   reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th

3   Cir. 2014).

4           Plaintiff fails to identify harmful error in any of the ALJ's reasons to discount his

5   testimony. Plaintiff contends that the activities cited by the ALJ do not contradict his

6   allegations, but he does not address the activities with specificity or explain how the ALJ's

7   lengthy findings regarding the activities are unreasonable or otherwise erroneous. Dkt. 21 at 17.

8   The ALJ contrasted Plaintiff's alleged limitations in focusing, interacting, remaining on task, and

9   being productive (AR 34) with Plaintiff's demonstrated ability to *inter alia* use public

10  transportation, ride a bicycle, manage his household independently and attend college full-time

11  (AR 36-37). The ALJ pointed to activities reasonably inconsistent with Plaintiff's alleged

12  limitations, and thus the ALJ did not err in relying on those activities as a basis for discounting

13  Plaintiff's testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may

14  undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the

15  threshold for transferable work skills").

16          Next, Plaintiff argues that the ALJ erred in relying on objective medical evidence as a

17  basis for discounting his opinion because the ALJ took clinical findings out of context and the

18  providers did not question Plaintiff's credibility. Dkt. 21 at 17-18. Plaintiff does not identify

19  any particular error in the ALJ's assessment of the objective medical evidence, however. The

20  ALJ contrasted Plaintiff's alleged limitations related to Lyme disease and arthropathy with the

21  medical record showing that Plaintiff never tested positive for Lyme disease and his arthropathy

22  was not documented with abnormal medical imaging. AR 34. The ALJ also noted that Plaintiff

23  did not seek regular treatment for these conditions and did not fully comply with treatment

1  recommendations. *Id*. Plaintiff has not shown that the ALJ's findings in this regard are

2  unreasonable or unsupported by substantial evidence, and thus has not shown error in this line of

3  the ALJ's reasoning.

4  Lastly, Plaintiff argues that the ALJ improperly criticized him for factors attributable to

5  his mental conditions. Dkt. 21 at 18. Plaintiff has not pointed to any portion of the ALJ's

6  decision that constitutes criticism or ridicule, however: the ALJ identified evidence reasonably

7  inconsistent with Plaintiff's allegations, and this reasoning supports the ALJ's interpretation of

8  Plaintiff's allegations. *See* 20 C.F.R. § 404.929(a) ("In determining whether you are disabled,

9  we consider all your symptoms, including pain, and the extent to which your symptoms can

10  reasonably be accepted as consistent with the objective medical evidence and other evidence.").

11  Because Plaintiff has failed to show error in any of the ALJ's reasons to discount his

12  allegations, the Court affirms this portion of the ALJ's decision.

13  **B.**     **The ALJ Did Not Err in Assessing the Medical Opinion Evidence**

14  Plaintiff raises several challenges to the ALJ's assessment of certain medical opinion

15  evidence, and the Court will address each disputed opinion in turn.

16  *1.*     *Legal Standards*

17  In assessing Plaintiff's July 2017 application for benefits, the ALJ is required to articulate

18  the persuasiveness of each medical opinion, specifically with respect to whether the opinions are

19  supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

20  The Commissioner argues that the regulations promulgated in 2017 changed the legal

21  standards previously articulated by the United States Court of Appeals for the Ninth Circuit. *See*

22  Dkt. 22 at 3-11. Under current Ninth Circuit precedent, an ALJ must provide "clear and

23  convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and

1    "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v.*

2    *Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The Ninth Circuit has not yet addressed the 2017

3    regulations in relation to its standards for the review of medical opinions. It is not, in any event,

4    clear that the Court's consideration of the adequacy of an ALJ's reasoning under the new

5    regulations would differ in any significant respect. The new regulations still require ALJs to

6    explain their reasoning with specific reference to how they considered the supportability and

7    consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must

8    remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL

9    5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must, moreover, continue to consider

10   whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141,

11   1154 (9th Cir. 2020). With these regulations and considerations in mind, the Court proceeds to

12   its analysis of the medical evidence in this case.

13            2.       *Kimberly Wheeler, Ph.D.*

14            Dr. Wheeler performed a DSHS psychological examination of Plaintiff in October 2018

15   and completed a form opinion describing his symptoms and limitations. AR 416-20. The ALJ

16   found Dr. Wheeler's opinion to be partially persuasive: the ALJ found that the mild to moderate

17   limitations described by Dr. Wheeler were consistent with Plaintiff's treatment record and his

18   activities, but that the marked limitations (in Plaintiff's ability to perform detailed tasks, adapt to

19   routine changes, communicate/perform effectively at work, and complete a normal

20   workday/workweek) were based primarily on Plaintiff's self-reporting, which was not entirely

21   reliable. AR 40.

22            As an initial matter, the Court notes that the ALJ's RFC assessment incorporates some of

23   the marked limitations identified by Dr. Wheeler: the ALJ limited Plaintiff to performing simple,

routine, repetitive tasks, with "few, if any, workplace changes." *See* AR 33. Although Plaintiff argues that Dr. Wheeler relied on clinical findings as support for the marked limitations she indicated, Plaintiff points to no clinical finding that necessarily supports Dr. Wheeler's opinion that he had marked limitations in his ability to communicate or perform effectively at work, or his ability to complete a normal workday or workweek. *See* AR 417 (recording Plaintiff's reported symptoms, as well as Dr. Wheeler's observation that Plaintiff is preoccupied with his physical symptoms), 419-20 (Dr. Wheeler's largely normal mental status examination findings). Although Plaintiff interprets Dr. Wheeler's opinion differently, he has not shown that the ALJ's interpretation of the opinion is unreasonable and therefore erroneous. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Because Plaintiff has failed to show error in the ALJ's assessment of Dr. Wheeler's opinion, the Court affirms this portion of the ALJ's decision.

### 3.    *Linda Dennis, LICSW*

Ms. Dennis, Plaintiff's treating therapist, completed a form opinion in March 2019 that asked her to rate Plaintiff's limitations in terms of the percentage of the workday that various activities would be precluded, along with other opinions as to absenteeism and task persistence. AR 475-78. The ALJ found Ms. Dennis's opinion to be unpersuasive because (1) the rating scale used by Ms. Dennis does not correspond to criteria used by the Commissioner, (2) the opinion is based on Plaintiff's inaccurate self-report, and (3) the opinion is inconsistent with Plaintiff's activities. AR 41.

As to the ALJ's first reason, Plaintiff argues that the ALJ erred in considering the format of Ms. Dennis's opinion. Dkt. 21 at 11. But the probative value of an opinion necessarily

depends on whether it provides information relevant to the ALJ's task, *i.e.* determining

Plaintiff's RFC.  Plaintiff has not shown that the ALJ erred in considering whether the format of

Ms. Dennis's form opinion provided probative information, or in finding that the ratings

definitions used in the opinion did not correspond to the Commissioner's method of evaluating

the severity of limitations.  *See, e.g.*, *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("Here,

the ALJ found that Dr. Zipperman's descriptions of Ford's ability to perform in the workplace as

'limited' or 'fair' were not useful because they failed to specify Ford's functional limits.

Therefore, the ALJ could reasonably conclude these characterizations were inadequate for

determining RFC.").  Although Plaintiff cites *Desrosiers v. Secretary of Health and Human*

*Services* for the proposition that an ALJ cannot discount an opinion based on its format (Dkt. 21

at 11), the Ninth Circuit made no such pronouncement in that case and it is therefore inapposite.

*See* 846 F.2d 573, 576 (9th Cir. 1988) (finding that an ALJ mischaracterized the record when

stating that the claimant's allegations of disability were contradicted by the reports of all

examining physicians, because some of the examining physicians' reports referenced state

worker's compensation criteria rather than Social Security criteria).

Next, Plaintiff argues that his activities were not inconsistent with Ms. Dennis's opinion

because he was able to perform them at his own pace and on his own schedule.  Dkt. 21 at 11-12.

This argument is not persuasive: the ALJ listed many activities that were reasonably inconsistent

with the limitations Ms. Dennis described.  For example, Ms. Dennis opined that Plaintiff would

have a "category IV" impairment in his ability to understand and follow very short and simple

instructions (AR 475), yet Plaintiff demonstrated the ability to attend college full-time, use

public transportation, complete household chores, and independently manage his self-care (AR

36-37).  Plaintiff has not shown that the ALJ was unreasonable in finding inconsistency between

those activities and Ms. Dennis's opinion, or in discounting the opinion on that basis.  *See*

*Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a

treating physician's opinion that was inconsistent with the claimant's level of activity).

    Lastly, Plaintiff argues that the ALJ erred in finding that Ms. Dennis relied on Plaintiff's

self-reporting in rendering her opinion.  But Ms. Dennis did not cite any clinical findings in

support of the psychological limitations she indicatedand instead referenced only self-reported

limitations or left blank sections for explanation.  *See* AR 478.  Ms. Dennis's treatment notes

regularly document Plaintiff's self-report.  *See* AR 393-408, 480-82.  Plaintiff has not shown that

the ALJ erred in finding that Ms. Dennis's opinion was unsupported by clinical findings or in

discounting it on that basis.  *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion

of any physician, including a treating physician, if that opinion is brief, conclusory, and

inadequately supported by clinical findings.").  Accordingly, the Court affirms the ALJ's

assessment of Ms. Dennis's opinion.

### 4.    Faith Mmborothi, ARNP

    Ms. Mmborothi provided DSHS opinions as to Plaintiff's physical limitations in

November 2017 and November 2018.  AR 380-82, 485-87.  The ALJ found most of Ms.

Mmborothi's 2017 opinion to be persuasive, other than the sitting and standing limitations,

which were based largely on Plaintiff's self-report and unsupported by and inconsistent with

Plaintiff's treatment record and activities.  AR 39.  The ALJ found all of the 2018 opinion to be

unpersuasive because it was based on Plaintiff's self-report, and unsupported by and inconsistent

with Plaintiff's treatment record and activities.  *Id*.

    Plaintiff concedes that the sitting and standing limitations contained in Ms. Mmborothi's

2017 opinion were not supported, but argues that the ALJ provided no reason to discount Ms.

Mmborothi's overall opinion that Plaintiff was limited to sedentary work.  Dkt. 21 at 14.  But Ms. Mmborothi's opinion that Plaintiff was limited to sedentary work necessarily depends on her understanding of Plaintiff's sitting and standing limitations.  *See, e.g.*, Social Security Ruling 83-10, 1983 WL 31251 (Jan. 1, 1983).  Plaintiff's concession that Ms. Mmborothi overestimated Plaintiff's sitting and standing limitations therefore undercuts any argument that the ALJ erred in failing to account for Ms. Mmborothi's description of Plaintiff's overall exertional abilities in the 2017 opinion.  Plaintiff has not demonstrated error in the ALJ's assessment of Ms. Mmborothi's 2017 opinion.

As to the 2018 opinion, Plaintiff argues that Ms. Mmborothi documented many abnormal findings that would support her opinion, and he again argues that his activities could have been performed in a manner consistent with Ms. Mmborothi's opinion.  Dkt. 21 at 15 (citing AR 351-53, 424-30).  But the ALJ pointed to many normal physical examination findings (AR 35) that contradict Ms. Mmborothi's findings, and reasonably found Plaintiff's home and school activities (as detailed *supra*) to be inconsistent with the severe sitting, standing, and postural limitations described in Ms. Mmborothi's 2018 opinion.  Plaintiff has not shown error in the ALJ's finding that Ms. Mmborothi's 2018 opinion was unsupported by and inconsistent with Plaintiff's treatment record and activities.  Accordingly, the Court affirms the ALJ's assessment of Ms. Mmborothi's opinions.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record); *Thomas*, 278 F.3d at 957.

### 5.    *R. Renee Eisenhauer, Ph.D.*

Dr. Eisenhauer reviewed some of Plaintiff's records for DSHS — the opinions of Ms. Mmborothi and Dr. Wheeler, as well as an October 2018 treatment note —  and provided an

1   opinion as to Plaintiff's workplace limitations.  AR 494-501.  The ALJ found the mild to

2   moderate psychological limitations described by Dr. Eisenhauer to be persuasive[3], but found the

3   physical limitations described by Dr. Eisenhauer to be outside her area of expertise and therefore

4   unpersuasive.  AR 40.

5          Plaintiff argues that the ALJ erred in rejecting Dr. Eisenhauer's physical opinion as

6   outside her area of expertise, because Dr. Eisenhauer was qualified to comment on physical

7   limitations stemming from Plaintiff's mental impairments.  Dkt. 21 at 17.  But Dr. Eisenhauer

8   herself indicated that "[l]imitations secondary to [Plaintiff's] physical problems will need to be

9   determined by the appropriate specialist."  AR 494-95.  Thus, the ALJ did not err in finding that

10   Dr. Eisenhauer's opinion as to Plaintiff's physical limitations was outside her area of expertise or

11   in finding it less persuasive for that reason.  *See* 20 C.F.R. § 416.920c(c)(4) (providing that a

12   specialist's opinion may be more persuasive than a non-specialist's).  Accordingly, the Court

13   affirms this portion of the ALJ's decision.

14                                    **CONCLUSION**

15          For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and

16   this case is **DISMISSED** with prejudice.

17          Dated this 15th day of June, 2021.

18

19                                           S. KATE VAUGHAN
                                            United States Magistrate Judge

20

21

22   ───────────────────
     [3] Dr. Eisenhauer also recorded the checkbox limitations indicated by Dr. Wheeler (AR 497), but indicated
     that she found only the mild to moderate limitations to be attributable to mental conditions.  AR 494.

23   Thus, to the extent that Plaintiff contends that Dr. Eisenhauer's opinion indicates marked limitations
     based on mental conditions (Dkt. 21 at 16), this argument is not based on a reading of Dr. Eisenhauer's
     opinion as a whole.

     ORDER AFFIRMING THE COMMISSIONER'S
     DECISION - 11